RANSELIER A. JILLSON *v.* JAMES M. WILCOX.

Where by will an estate was given to the testator's son "for and during the term of his natural life, and to the lawful male heirs of his body and their descendants," with remainder over in case he should die without "such male heirs of his body or their descendants living at the time of his death," the son was held to take an estate in tail male under the rule in Shelley's case; so that he could by a deed in fee simple to a purchaser, acknowledged in conformity to the Revised Statutes, Ch. 145, section 3, convey to him a good title in fee.

The statute of wills in Rhode Island does not affect the legal operation of such technical words of limitation, but only of the words set down in the statute.

*Manchester and wife* v. *Durfee*, 5 R. I. Rep. 549, affirmed.

THIS was a bill in equity for the specific performance of a contract for the sale and purchase of a lot of land, in the northerly part of Cumberland, filed by the seller against the purchaser.

The bill stated, in substance, the contract to have been executed under seal, on the 16th day of May, 1863, by which the plaintiff agreed to sell, and the defendant to buy, said lot, at the stipulated price of one hundred dollars; the deed of the lot to be delivered, upon receipt of the consideration, on the 19th day of May, 1863, at the town clerk's office, in Cumberland, and conveying and assuring to the defendant the fee simple of said lot, free from all incumbrances, and containing a general warranty, and the usual full covenants; that the plaintiff was at the time and place mentioned, and is, and ever has been since, ready and willing to perform his part of the contract; but that the defendant refuses to pay said one hundred dollars, and to receive the plaintiff's deed of said lot, upon the ground, that the plaintiff's title under the last will and testament of his father, Nathan Jillson, is doubtful, and that he cannot make a good title to said lot. The bill sets out the title of the plaintiff under said will, which was executed on the 5th day of February, 1863, and also the death of the testator, and that the lot of land in question was in the seizin and possession of the testator, the said Nathan, during his lifetime, and was, with other real estate, devised to the plaintiff by him, in said will; that, upon the death of the testator, the plaintiff entered into possession of said lot; and that the plaintiff was married, but never had any children. The

clause of the will of Nathan Jillson under which the plaintiff claims title to said lot, as set forth in the bill, is as follows :—

" *Eighthly.* I give, devise and bequeath to my son, Ranselier A. Jillson, all my real estate, wherever the same may be situated, of which I may die seized and possessed, or to which in law I shall be entitled, subject to the dower of my wife as hereinbefore mentioned, and subject to the payment of the legacies hereinbefore made, and to the payment of my just debts and funeral charges, to have and to hold the same to him, the said Ranselier A. Jillson, for and during the term of his natural life, and to the lawful *mail* heirs of his body and their descendants ; but in case he shall die without such *mail* heirs of his body or their descendants living at the time of his death, then I give, devise and bequeath my said real estate to my daughters hereinbefore named, and their children, after their decease, if they have any."

The case was heard upon demurrer to the bill.

*R. W. Greene, for the plaintiff :—*

This is an amicable bill, for the purpose of obtaining the opinion of the court upon the plaintiff's title to the premises agreed to be sold to the defendant, and comes before the court, to be heard on a demurrer to the bill. The question in the case turns upon the construction of the eighth clause of the will of the late Nathan Jillson.

In *Manchester and wife* v. *Durfee,* 5 R. I. Rep. 549, the language of the devise was, " the devises to my five daughters to be to them an estate for life, and to the heirs of their bodies after them, and to their heirs and assigns of such heirs forever. But in case any of my said daughters shall die without issue surviving them, then my will is, and all such real estate as is herein devised to such of my children as shall so die without issue shall then pass to such of my children as shall survive, and then to them and their heirs and assigns forever, it being my will and intent to give an estate in fee to such of my daughters as shall die leaving issue, and an estate for life only to such of them as shall die without leaving issue to survive them." I submit to the court, that the language of the will in that case and the case

now before the court is the same, so far as relates to the application of the rule in Shelley's case. The word "descendants" in a will means heirs of the bodies. In both cases there is a gift over on failure of issue. The language of the gift over in *Manchester and wife* v. *Durfee* is as follows: "But in case any of my said daughters shall die without issue surviving them, then my will is, and all such real estate as is herein devised to such of my children as shall so die without issue, shall then pass to such of my children as shall survive, and then to them and their heirs and assigns forever." This language imports a failure of issue at the death of the first taker, the gift over being to the sisters who should survive the first taker. In Driver, d., *Edgar* v. *Edgar*, Cowp. 379, cited by the court in *Manchester and wife* v. *Durfee*, the failure of issue is also confined to the death of the first taker; the language is: "And herein my mind and will is further declared, that in case either of my said daughters, Temperance or Mary, shall happen to die or depart this life single, married or widows, not leaving children or child living at their decease legally begotten," &c.

In the will under consideration the gift over is: "But in case he shall die without such *mail* heirs of his body or their descendants living at the time of his death, then I give, devise and bequeath," &c. In *Manchester and wife* v. *Durfee*, the court, referring to the gift over in that case, says: "The will, in this respect, declares merely what is true of every estate tail,—that, by the form of the gift, it ceases with the death of the tenant without issue, and thereupon the gift passes over to any one to whom it may be limited in remainder, or if there be no such remainder limited, reverts to the donor or to his heirs. In *Manchester and wife* v. *Durfee*, the will contained the following clause: "It being my will and intent to give an estate in fee to such of my daughters as shall die leaving issue, and an estate for life only to such of them as shall die without leaving issue to survive them." But the court do not put their decision upon this clause, but upon the rule in Shelley's case they held, that all the daughters took an estate tail. The difference between the superadded words, "to the heirs of their bodies," in *Manchester and wife* v. *Durfee*, and in the case before the court, will not affect

the application of the rule in Shelley's case.  The superadded words in the case before the court mean "heirs of the body;" and in *Manchester and wife* v. *Durfee*, "heirs general."  I submit to the court, that the present case comes directly within the decision in *Manchester and wife* v. *Durfee*.

*T. C. Greene, for the defendant*, submits the case upon the argument of the complainant's counsel, professing that his client was and is willing to fulfil his agreement, if the complainant can make to the land, contracted to be purchased, a good title in fee simple.

AMES, C. J.    According to the decision of this court in *Manchester and wife* v. *Durfee*, 5 R. I. Rep. 549, the plaintiff took, under the will of his father, an estate in tail male, in all the lands devised to him.  The words, "heirs male of his body," or, as here, "male heirs of his body," are technical words of limitation, expressing such an estate, as the words, "heirs of his body," express an estate in fee tail general.  By an inflexible rule of law, where such words, without further explanation of their meaning, and whether with or without superadded words of limitation, are applied by the same instrument to define who, of the first taker's blood, shall take the estate after him, whether his estate, as declared, be indefinite or an express estate for life, that estate is enlarged according to the technical meaning of such words.  We also decided, in the case above cited, that our statute of wills does not alter the common law rule, except where the words are used which are set down in the statute.

This being the character of the plaintiff's estate, he may, by a deed to the defendant in fee, acknowledged in conformity to the Revised Statutes, Ch. 145, section 3, bar not only himself, his heirs and assigns, but all others who may claim his estate in remainder or reversion, expectant upon the determination of his estate tail, and convey to the defendant an estate in fee simple.

Let a decree be entered specifically enforcing the performance by the defendant of the contract of purchase in the pleadings mentioned, upon the delivery by the plaintiff to him of a deed in fee simple, with covenant of general warranty, and the usual other covenants, conveying to the defendant the lot mentioned in said contract, said deed being first acknowledged in open court before

the Supreme Court, or any court of Common Pleas in this State. As the bill is an amicable one, costs will be awarded to neither party.